BURNS *v.* BURNS.

PARTNERSHIP—ACCOUNTING.

> In suit against surviving partner for accounting and other·
> relief, decree of court below holding that certain piece of
> property standing in surviving partner's name is not partner-
> ship property is modified, on appeal, and case remanded to
> court below for accounting to be completed on basis that
> said property belongs to partnership, and that mortgages
> thereon are partnership mortgages.

Appeal from Wayne; Jayne (Ira W.), J. Submitted June 19, 1929. (Docket No. 145, Calendar No. 34,307.) Decided December 3, 1929.

Bill by Lucy Burns, administratrix of the estate of Richard Burns, deceased, against William Burns for accounting of partnership funds of partnership between deceased and defendant. From a decree holding that certain real estate and a mortgage thereon are individual assets and liabilities of defendant, both parties appeal. Modified and affirmed.

*Frederick P. Hempel,* for plaintiff.

*Monaghan, Crowley, Reilley & Kellogg,* for defendant.

CLARK, J. Plaintiff, administratrix of the estate of her deceased husband, Richard Burns, filed this bill against William Burns, survivor of the partnership of the two brothers, for accounting and other relief. From the decree entered both parties have appealed.

---

On the question as to rights and duties between surviving partner and personal representative of deceased partner, see annotation in 28 L. R. A. 136.

The principal business of the partners was operating boats on the Great Lakes.. They also owned several pieces of real estate. After Richard's death William continued the business, and accounting therefor is one of the features of the case. At least two boats were registered in Richard's name. Record title of some of the real estate was also in his name. Concededly this was partnership property. One parcel of the real estate subject to two mortgages of $5,000 and $3,500 and known as St. Clair property was in William's name, and his contention that this parcel was his own is the only question, in our view of the case, requiring discussion. The trial judge held that the parcel was not partnership property. Our study of the case leads to different conclusion. The widow of the owner from whom the parcel was purchased testified in effect that it was purchased by the partners. This, in effect, is also the testimony of the real estate agent who had the listing at the time. Another real estate agent testified, substantially, that William was the purchaser, and this finds support in the testimony of two witnesses of statements against interest claimed to have been made by Richard. Both William and the plaintiff testified *pro* and *con* on this question, and whether their testimony violates the opposite party rule, as contended, we think it not necessary to determine.

Decision of the flat contradiction in direct testimony is aided by circumstances. William, surviving partner, conducting the business, was a trustee, and it was his duty to keep faith and to account fully and fairly. Granting that the partners kept practically no books of account, and that William as survivor continued the practice, still his accounting as such survivor shows diligence respecting disburse-

ments and reluctance if not concealment as to receipts. In the deed of the parcel Richard's name was first written as grantee, afterward "Richard" was erased and "William" substituted. Richard and his wife and child lived in a part of the St. Clair property for a time before his death. About a week after the death William gave the widow notice to quit and later had her evicted. The history of the partnership and the conduct of its business are also significant.

On the whole record we conclude the St. Clair parcel was partnership property of which William had title as trustee. It seems to be conceded that no better account by William of his conduct of the business after Richard's death can be had, in view of the facts, than that adopted by the trial court.

Counsel for defendant contend that both the mortgages on the St. Clair property were given for the benefit of the partnership and should be so considered in accounting. Counsel for plaintiff concedes this, provided the St. Clair property be held to have belonged to the partnership. As we have so held, it follows that the mortgages will be so considered.

Decree so modified is affirmed, without costs, and cause remanded that accounting may be completed in respect of St. Clair property and mortgage debt thereon in accordance herewith, and final decree made.

NORTH, C. J., and FEAD, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.